

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 5, 1990

Honorable John Whitmire
Chairman
Intergovernmental Relations
  Subcommittee on Urban Affairs
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JM-1238

Re: Jurisdiction of transit officers in Harris County (RQ-1907)

Dear Senator Whitmire:

You have requested our opinion about the effect of recent amendments to article 1118x, V.T.C.S., which relate to the jurisdiction of peace officers employed by the Metropolitan Transit Authority of Harris County [hereafter MTA].

Senate Bill 1744 of the 71st Legislature amended section 13(c) of article 1118x as follows:

> (c) An authority may employ and commission its own peace officers with power to make arrests in all counties where the system is located when necessary to prevent or abate the commission of an offense against the laws of the state or a political subdivision of the state when the offense or threatened offense occurs on or involves the system of the authority, to make arrests in cases of an offense involving injury or detriment to the system, to enforce all traffic laws and investigate traffic accidents which involve or occur in the system, and to provide emergency and public safety services to the system or persons who use the system.

> Any person, for an authority in which the principal city has a population of more than 1.5 million according to the most recent decennial census, commissioned under this

> section must be a certified peace officer who meets the requirements of the Texas Commission on Law Enforcement Officer Standards and Education, who shall file with the authority the sworn oath required of peace officers, and who is vested with all the powers, privileges, and immunities of peace officers in all counties where the system is located, provides services, or is supported by a general sales and use tax.

Acts 1989, 71st Leg., ch. 671, § 2, at 2216-17. The bill also amended the definition of "system" in section 2(f) of article 1118x to read as follows:

> (f) 'System' means all real and personal property of every kind and nature whatsoever, owned, rented, leased, under the control of or operated or situated on property of, or held at any time by an authority for mass transit purposes, including (without limiting the generality of the foregoing), land, interests in land, buildings, structures, rights-of-way, easements, franchises, rail lines, bus lines, stations, platforms, terminals, rolling stock, garages, shops, equipment and facilities (including vehicle parking areas and facilities), other facilities necessary or convenient for the beneficial use and access of persons and vehicles to stations, terminals, yards, cars, and buses, and control houses, signals and land, facilities and equipment for the protection and environmental enhancement of all such facilities, and, for an authority created before January 1, 1980, public parking areas, garages, facilities, and lots, and, for an authority in which the principal city has a population of more than 1.5 million according to the most recent decennial census, the area within the boundaries wherein service is provided or is supported by a general sales and use tax.

Id. § 1 at 2216.

The amendments make clear that "system" now has a different meaning for the Harris County MTA (the only authority in which "the principal city has a population of more than 1.5 million") than it does for other transit

authorities. In counties other than Harris, "system" is limited to the actual property of the authority. By contrast, in Harris County, the "system" includes the entire geographical area within the limits of the authority.

The bill analysis confirms this conclusion. It states, in part:

> Section 1 amends Subsection (f), Section 2, Article 1118x, VTCS, by expanding the definition of 'system' to include property rented, leased, controlled by or situated on the property of an authority for mass transit purposes. For an authority with a principal city of more than 1.5 million, 'system' also includes all property within the service area.

Bill Analysis, S.B. 1744, 71st Leg. (1989) (emphasis added).

As a consequence of the broadened definition of "system" in Harris County, section 13(c) expands the jurisdiction of transit authority peace officers in Harris County to the entire geographical area of the MTA. Section 13(c) itself supports this view by requiring that an MTA transit officer "must be a certified peace officer." It further provides that he is "vested with all the powers, privileges, and immunities of peace officers" in every county in which the MTA operates. It is reasonable to assume that the legislature, in expanding the jurisdiction of MTA peace officers, would have insisted that they meet the standards of other certified peace officers.

Section 13(c) means that an MTA peace officer may make arrests in any county in which the MTA operates as long as the *offense or threatened offense occurs* within the MTA's geographical boundaries. Furthermore, an MTA officer is empowered to enforce traffic laws and investigate traffic accidents that occur within its geographical boundaries, and to provide emergency and public safety services within the area. We conclude that the recent amendments have had the effect of expanding the jurisdiction of peace officers employed by the MTA to include the entire geographical area within which the MTA operates.

## S U M M A R Y

Article 1118x, V.T.C.S., expanded the jurisdiction of peace officers employed by the Harris County Metropolitan Transit Authority

to include the entire geographical area within which the authority operates.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General